Opinion of the Court.
THE plaintiff below declared against the defendant, in slander. The words are, " that one Higgins had publicly told the plaintiff, in Danville, that he, the plaintiff, had stolen horses, and was a damned horse thief; and further, he, the defendant, further said, that he, the plaintiff, had stolen horses.” The defendant plead, first, not guilty ; and secondly, “ that one Gideon Higgins of Mercer county, did charge the plaintiff with stealing horses, and he, the plaintiff, brought two suits in the Mercer circuit court against said Higgins, and Higgins and wife, for said charge of slander, which he, the plaintiff, suffered to be dismissed for want of prosecution ; and this is the slander complained of.” To this second plea there was a demurrer, which the court sustained ; and this decision is assigned for error.
1. As this plea is to the whole action, it is evident it cannot be sustained ; for even if we could get over the omission to state the charge as publicly and as broad as the declaration alleges, and the want of other averments, yet there is one part of the charge in the declaration wholly unanswered by the plea; and that is, the later clause, which alleges that the defendant below had said that the plaintiff had stolen horses. It was competent for the defendant below to plead that Higgins had made the charge, in answer to a charge stated in the declaration to have been made by Higgins; but this is no answer to the residue. The plea was, therefore, properly overruled by the court below.
The defendant below forthwith moved for a continuance of the cause, which was overruled, and he excepted to the decision. The ground of continuance is set forth in an affidavit, which alleges that Gideon *37 Higgins was a material witness for him, and had been regularly subpoenaed, and was not attending; and he disclosed what he could prove by the absent witness, to wit, the truth of the words charged as slanderous in the declaration. The ground on which the court overruled the motion, was, that there was no plea of justification, and the truth of the words, even if Higgins was present, could not be introduced under the general issue. More continuances than one had been previously granted to the defendant, now plaintiff in error.
Where a plea of justification has been held bad on demurrer, and the defendant does not ask leave to amend it or plead de novo, he is not entitled to a continuance on account of the absence of a witness whose testimony would go to support a plea of justification
Statement of facts.
2. The design of the rule, which requires a party, on a second motion, to disclose the facts intended to be proved by an absent witness, is, that the court may judge of their admissibility and relevancy, and be governed accordingly. The plaintiff in error did not, in this case, ask leave to amend his defective plea of justification, which had been just overruled, or tender another that was valid ; but asked a continuance, with the design of proving that which was wholly inadmissible under the issue he had made; for no rule is better understood, than that in slander justification must be pleaded, and cannot be given in evidence under the general issue. His motion was made with a bad grace, while he relied on the issue of not guilty, and it was properly overruled by the court below.
On the trial, the plaintiff introduced a witness, who deposed, that the office of jailer of the county being about to be disposed of by the county court, and the witness being a magistrate on that bench, the defendant below enquired of him, whether he was going to appoint a man of the character of the plaintiff below, as jailer. To which the witness replied, that he had never heard any thing against him. The defendant below then said, “ Do you not know that Gideon Higgins publicly charged the plaintiff (below,) in the streets of Danville, face to face, that he was a damned horse thief, and that the plaintiff below brought two suits, one against Higgins himself, and the other against Higgins and wife, and did not prosecute, but suffered them to be dismissed.” The plaintiff below, on the trial, gave no evidence, that the defendant had made the direct charge, as stated in the declaration, that the plaintiff below had stolen horses. The defendant offered in evidence, the copy of a declaration and plea, purporting to be the fragments of a record of a *38 suit, wherein the present plaintiff was plaintiff, and Gideon Higgins was defendant, in the Mercer circuit court. This record was rejected by the court below, and the defendant in that court, now plaintiff in error, excepted.
Where the plaintiff in an action of slander, with a view of proving malice, gives in evidence words not actionable, the defendant may prove the truth of such words.
A motion for a new trial made on the ground of having discovered new witnesses to the facts in issue, made and overruled.
3. It is a rule in slander, that if the plaintiff, to show malice, gives in evidence words not actionable, the defendant may, under the general issue, give in evidence the truth of these words. Under this rule, and no other that we can suppose, this record must have been tendered to establish that part of the statement of the plaintiff’s witness, which spoke of suits having been brought and dismissed without prosecution. But, assuming it to be correct, that the plaintiff in error might prove the truth of these latter expressions, still this record is subject to insuperable objections; for, in the first place, it is but a copy of the declaration and plea, and does not show what became of the suit. It might be still depending, or otherwise determined; and was therefore, inadequate for the purpose of proving the suit to have been brought and dismissed. And secondly, although the declaration appears to be a skeleton framed for an action of slander of some kind, yet it is wholly blank as to any slanderous words, and therefore cannot, in any manner, prove that an action of slander was brought against Higgins, for the charge of horse stealing, and dismissed. The rest of the record purports to have been a copy of some depositions taken in that suit against Higgins, relative to some controversy about a horse, and taken by Higgins himself. It does not appear that they were taken with notice to the present plaintiff below, and that they could have been read in that suit against him; much less can they be read in this, even if they were pertinent to the points in issue, which they do not appear to be. The whole were, therefore, properly rejected on the trial of this suit.
4. After verdict, the defendant below asked a new trial. The only ground urged, worthy of notice by this court, was, the discovery of new evidence, after the trial; that was, the testimony of two witnesses, to whom the present defendant in error had confessed, that he had been charged by Higgins and by Higgins' wife, with stealing horses, and had brought two suits therefor; but finding he could not recover any thing, *39 or but little, he dismissed the suits at his costs, and paid considerable sums in that way. The court overruled this motion, and the plaintiff in error excepted.
Even if we were to allow it proper for a court below to grant a new trial on the discovery of new witnesses, without producing their affidavits, ( which is a point we need not now decide,) it is evident that this newly discovered testimony applies to matters into which the defendant below was before put on the inquiry, and of course he might, it is presumed, by using reasonable diligence, have previously discovered this testimony. And what is still stronger against his case, he had discovered, as his affidavit for a continuance shows, another witness capable of proving the same matter, and yet did not shape the issue to embrace it, though he was admonished by the decision of the court on his motion for a continuance, before trial, that the issue made up was inadequate to let in the proof. If courts were to indulge the granting of new trials, to let in new witnesses, even to points not before in issue, of which the party was before apprised, and had not shaped his pleadings to admit it, and then to permit him to change his pleadings, as in this case would be necessary, to let that testimony in, it would be a practice fraught with the most pernicious consequences. It would be indulging parties in the experiment of trying their weight with the issue in one shape, when they might have framed it better, and then setting all aside, if unsuccessful, and placing themselves in another attitude, which they ought to have taken at first; and thus defeating their adversaries, after a protracted and expensive contest. Expedit rei publicæ ut sit finis litium, is a sound maxim, which forbids this.
The court, therefore, did right in overruling the motion, and the judgment must be affirmed with costs and damages.